**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN PENNEPACKER,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:12-CR-00158-DMS-2<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On September 1, 2020, Defendant John Pennepacker filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition. For the reasons given herein, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On February 9, 2012, Defendant Pennepacker pled guilty to one count of importation of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2. (ECF No. 35.) Defendant was sentenced to ten years in prison and five years of supervised release. (ECF No. 77.) Defendant is scheduled to be released on November 30, 2020. (ECF No. 88 at 1.)

Defendant is fifty-seven years old and suffers from herniated disks in his back, Hepatitis B and C, high blood pressure, bipolar disorder, anxiety, depression, and a seizure

disorder. (*Id.* at 1–2.) Defendant is currently incarcerated in the Metropolitan Correctional Center ("MCC") in San Diego, California. (*Id.* at 2.) As of November 13, 2020, the Bureau of Prisons ("BOP") reported six inmates currently positive for COVID-19 at MCC, with 262 having recovered. *See COVID-19: Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited November 13, 2020). Defendant tested positive for COVID-19 on August 27, 2020. (Ex. B to ECF No. 94 at 161.) As of September 8, 2020, Defendant's COVID-19 diagnosis was indicated as "resolved." (*Id.* at 142.) Based on these allegations, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 88.) Defendant seeks the modification of his sentence to time served. (*Id.* at 1.) The United States opposes Defendant's motion. (ECF No. 94.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the BOP process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding

to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).  Here, Defendant submitted a request for compassionate release to the warden of MCC on June 16, 2020. (Ex. C to ECF No. 88.)  A BOP Health Services Administrator issued a memorandum to the warden of MCC on July 11, 2020, stating Defendant did not meet the medical criteria for compassionate release.  (Ex. D to ECF No. 94.)  The United States notes Defendant's request was denied on September 16, 2020, and does not dispute that Defendant has exhausted his administrative remedies.  (ECF No. 94 at 7.)  Accordingly, the Court may address Defendant's motion on its merits.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]"  *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13.  Defendant contends he meets the foregoing criteria.  As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. <u>Extraordinary and Compelling Reasons</u>

Defendant argues he is eligible for compassionate release because his underlying health conditions make him particularly susceptible to COVID-19.  The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).

Defendant has been diagnosed with Hepatitis B and C, as well as bipolar disorder (Ex. D to ECF No. 88 at 72, 80). Defendant also suffers from high blood pressure, seizures, anxiety, and depression.  (ECF No. 88 at 2.) The United States contends that Defendant's conditions do not constitute "extraordinary and compelling reasons" that render him unable

to provide self-care. The Centers for Disease Control and Prevention ("CDC") states that high blood pressure and liver diseases are conditions that might place individuals at increased risk for severe illness from COVID-19. *See People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 13, 2020). The CDC does not state that any of Defendant's other medical conditions pose an increased risk with respect to COVID-19. *See id.*

The United States further argues that compassionate release should not be granted to a defendant who has recovered from COVID-19 without symptoms. As of September 8, 2020, Defendant's COVID-19 diagnosis was marked as "resolved." (*See* Ex. B to ECF No. 94 at 142.) Defendant contends this does not preclude him from establishing "extraordinary and compelling reasons" for a sentence reduction because he is still susceptible to reinfection. (ECF No. 88 at 9–10.) Courts are split on whether an individual who has recovered from COVID-19 can still show extraordinary circumstances. *Compare United States v. Molley*, No. CR15-0254-JCC, 2020 WL 3498482, at *3 (W.D. Wash. June 29, 2020) (finding uncertainty around reinfection and immunity "cuts against compassionate release") *with United States v. Yellin*, No. 3:15-CR-3181-BTM-1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020) (finding extraordinary circumstances warranted due to uncertainty around reinfection and immunity).

The Court need not resolve the issue of whether Defendant has established "extraordinary and compelling reasons." Even assuming he can make such a showing, he fails to meet his burden to demonstrate he is not a danger to others or the community and that the § 3553(a) factors weigh in favor of release.

2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1. To make

this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose. These factors overlap with the § 3553(a) factors.

Defendant's conviction in this case is for importation of methamphetamine, a non-violent drug offense. On December 16, 2011, Defendant was arrested after being referred to secondary inspection at the San Ysidro Port of Entry, where a search of his person revealed approximately 0.98 kilograms of methamphetamine concealed under his clothing. (Pre-Sentence Report ("PSR"), ECF No. 50, at 1.) The United States argues Defendant would pose a danger to the community if released, noting Defendant has an extensive criminal history with multiple convictions for violent offenses such as assault and robbery which resulted in his placement in Criminal History Category VI. (ECF No. 94 at 17.) While in custody, Defendant has been disciplined on numerous occasions, including for fighting with another inmate and threatening bodily harm. (Ex. E to ECF No. 94 at 1–4.)

The Court agrees with the United States. Although Defendant's underlying offense was non-violent, his criminal history and disciplinary record weigh against a sentence reduction.

3. § 3553(a) Factors

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)–(D). The court also

must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

Defendant has served over 97 percent of his ten-year sentence and argues that a reduction of the remaining time on his sentence is appropriate in light of the stress produced by his conditions of confinement during the pandemic. (ECF No. 88 at 1, 10–11). The United States contends that a sentence reduction is inappropriate for several reasons. It argues Defendant was convicted of a serious crime and failed to comply with halfway house protocols. In March 2020, Defendant was released to a halfway house, but did not return and was placed on escape status until his apprehension on March 25. (ECF No. 94 at 7.)

Although the Court is sympathetic to Defendant's concerns regarding COVID-19, on balance, a reduction in sentence is not warranted, especially given Defendant's failure to comply with halfway house protocols and the dangerousness factors discussed above. Under § 3553(a), Defendant's 120-month sentence, which is scheduled to terminate this month, is not greater than necessary to address the overarching goals of punishment, deterrence, protection of society, and rehabilitation. These factors weigh against releasing Defendant at this time.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated: November 16, 2020

Hon. Dana M. Sabraw
United States District Judge